## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DERRICK MIURA, ) | |
| ) | 2:05-CV-1367-RCJ-PAL |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| RIVERSIDE RESORT & CASINO, INC., et al., ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the Court on Plaintiff's Motion for Partial Summary Judgment (#32), which seeks judgment as to Plaintiff's § 1983 action against Defendant Officer Lardomita. The Court has considered the motions, the pleadings on file, and oral argument on behalf of all parties. It is hereby ordered that Plaintiff's Partial Motion for Summary Judgment (#32) is *denied*.

## FACTS

On October 21, 2003, Plaintiff gambled at the Riverside Resort. While using another player's club gaming card, Plaintiff played the video slots. Riverside limits the use of such cards to the holder of the card, with the penalty being forfeiture of all points won. As a result of Plaintiff's inappropriate use of the card, Riverside's Director of Security, co-Defendant Armstrong, received a call to the surveillance room, where surveillance had been investigating fraudulent use of player's club points. Generally, when Riverside detects that a player is using another's card, the casino interviews the individual using the card to determine how it was obtained. After conducting the investigation, Armstrong concluded that Plaintiff was using a card belonging to another and decided to interview him.

Accompanied by a Riverside security officer, Armstrong confronted Plaintiff, asked him to empty his slot machine and remove the other player's card, and follow him off the floor to the elevator lobby to discuss Plaintiff's use of the gaming card. Initially, Plaintiff appeared compliant with the questioning, but things quickly turned violent. Armstrong claims that shortly after their discussion, Plaintiff prepared to strike him and he grabbed Plaintiff's hand to prevent being hit. Plaintiff continued to resist and fight, while a crowd gathered to watch the commotion. Armstrong detained Plaintiff, put him to the floor, and handcuffed him. Plaintiff was taken to the security office, where LVMPD was contacted. He does not dispute that the fight occurred.

After being contacted by Riverside, LVMPD dispatched Officer Lardomita to the scene. Upon arrival, Officer Lardomita interviewed Armstrong and the Plaintiff. He was informed that Riverside was attempting to investigate the fraudulent use of a player's club card when Plaintiff resisted, causing a disturbance in the casino. Based on this information, Officer Lardomita concluded that probable cause existed that Plaintiff acted disorderly and allowed Armstrong to perform a citizen's arrest of Plaintiff for disorderly conduct. Officer Lardomita then transported Plaintiff to jail. Plaintiff proceeded to a criminal trial for disorderly conduct, but the matter was dismissed.

After dismissal of his criminal suit, Plaintiff brought a civil action against Riverside, Riverside employees, including Armstrong, Officer Lardomita, and the LVMP. His Complaint alleges causes of action for: (1) assault and battery; (2) false imprisonment; (3) intentional infliction of emotional distress; (4) premises liability; (5) defamation; (6) trespass to chattels and injunctive relief; (7) violation of § 1983 by Officer Lardomita; and (8)

malicious prosecution.  In the present motion, Plaintiff seeks summary judgment as to his § 1983 claim against Officer Lardomita.

## DISCUSSION

**I.     Summary Judgment Standard**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the material facts before the court.  *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).  Summary judgment is proper if the evidence shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate.  *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).  As summary judgment allows a court to dispose of factually unsupported claims, the court construes the evidence in the light most favorable to the nonmoving party.  *Bagdadi v. Nazari*, 84 F.3d 1194, 1197 (9th Cir. 1996).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  Once the moving party has met its burden, the party opposing the motion may not rest on the mere allegations or denials of its pleadings, but must set forth specific facts showing that there is a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When the nonmoving party bears the burden of a claim or defense at trial, the moving party can meet its initial burden on summary judgment by showing that there is an absence of evidence to support the nonmoving party's case.  *Celotex*, 477 U.S. at

325. Conversely, when the moving party bears the burden of proof at trial, then it must establish each element of its case at summary judgment.

## II.  Legal Arguments

Plaintiff brings a § 1983 action against Officer Lardomita alleging that the officer violated his constitutional right to be free of unreasonable searches and seizures.  Plaintiff's Motion should fail for two reasons.  First, the evidence establishes that Officer Lardomita did not violate Plaintiff's Fourth Amendment rights.  Second, the Motion is not ripe as discovery is ongoing and numerous genuine issues of material fact exist.  Accordingly, Plaintiff's Motion should be denied.

### A.  Officer Lardomita Did Not Deprive Plaintiff of His Constitutional Rights in Violation of § 1983

Plaintiff brings § 1983 claims against Officer Lardomita in his individual capacity. Section 1983 allows individuals to recover relief when government officers, acting under color of law, violate their constitutional rights.  Individual suits against police officers require a two-step analysis.  First, Plaintiff must prove that the official, acting personally under color of law, caused the deprivation of a federal right. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  Second, if the Plaintiff has suffered a deprivation, then it must be determined whether the defendant is entitled to the protections of qualified immunity.  Qualified immunity protects officials from § 1983 actions when they objectively and reasonably relied on existing law.  *Id.* at 166-67; *Anderson v. Creighton*, 483 U.S. 637, 638 (1987).  Applying this two-step analysis, it is clear that Plaintiff did not suffer a constitutional deprivation in

this case, and, even if he did, Officer Lardomita is entitled to qualified immunity. Therefore, under either analysis the Plaintiff fails to satisfy his burden under Rule 56.

### 1.     Plaintiff Suffered No Constitutional Deprivation

Plaintiff contends that he suffered a constitutional deprivation by being detained without probable cause both at the casino and then during his subsequent custody in jail. He argues that because the casino had no legal authority to detain him, his detainment amounted to false imprisonment and his resistance constituted privileged self defense. While the Plaintiff brings false imprisonment and other charges against numerous parties, the relevant claim here is that Officer Lardomita seized Plaintiff in violation of the Fourth Amendment because he acted without probable cause. The critical question is whether Officer Lardomita acted in an objectively reasonable manner, given the circumstances, in assisting the casino with the citizen's arrest and transporting Plaintiff into custody. If there was probable cause, then Plaintiff's Fourth Amendment rights were not violated and Officer Lardomita's actions are immune from civil suit. The facts demonstrate that probable cause did exist in this case, or, in the alternative, there is at least a genuine issue of material fact as to whether probable cause existed. Under no reading of the present factual record is Plaintiff entitled to summary judgment.

The Fourth Amendment does not proscribe that arrests which do not culminate in conviction are unconstitutional. *Baker v. McCollan*, 443 U.S. 137, 145 (1979) ("The Constitution does not guarantee that only the guilty will be arrested."). It does require that arrests are made pursuant to probable cause. The test for probable cause is whether "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent

person . . . to believe, in the circumstances shown, that the suspect has committed . . . an offense." *United States v. Greene*, 783 F.2d 1364, 1367 (9th Cir. 1986) (quoting *Michigan v. De Fillippo*, 443 U.S. 31, 37 (1979)). This test does not require absolute certainty that a crime has been committed, but "fair probability." *United States v. Potter*, 895 F.2d 1231, 1233-34 (9th Cir. 1990).

      The facts in this case demonstrate that Officer Lardomita possessed probable cause to detain Plaintiff, or, at the least, that there remains genuine issues of material fact about whether probable cause existed. Officer Lardomita's actions are evaluated under the facts he knew at the time of the arrest. The record indicates that he was aware of the following facts:

    (1)    The Riverside suspected Plaintiff of gambling with another's player club card;

    (2)    Armstrong asked Plaintiff to leave the casino floor to be questioned regarding his use of another player's card;

    (3)    Plaintiff initially complied with Armstrong's request, indicating consent to questioning;

    (4)    Plaintiff soon began to physically resist the questioning and attempted to flee the scene, i.e., he initiated a violent encounter;

    (5)    A crowd gathered to watch the scuffle between Plaintiff and the Riverside security officers;

    (6)    Plaintiff was handcuffed and detained;

    (7)    The casino called the LVMPD regarding Plaintiff's disorderly conduct.

These facts appear to be uncontested, or at a minimum, are not factually resolved at this point in the litigation. Based upon these facts, Officer Lardomita had to decide whether there was probable cause to arrest Plaintiff. If, given the totality of the circumstances, a reasonably

prudent officer would have believed that Plaintiff committed an offense, then probable cause existed and Officer Lardomita did not violate Plaintiff's Fourth Amendment rights.

Nevada Revised Statute 203.010 makes it a misdemeanor to disturb the peace by "loud or unusual noises, or by tumultuous and offensive conduct," including "quarreling" and "fighting." The information that Officer Lardomita gained from his initial investigation at the scene meets all of the elements of disorderly conduct. Although he initially consented to questioning, Plaintiff was physically resisting further questioning and fighting such that a crowd gathered and he had to be restrained. Plaintiff does not contest that he engaged in such behavior. A reasonably prudent officer, under these circumstances, could conclude that there was "fair probability" that Plaintiff committed the crime of disorderly conduct under NRS 203.010. *Potter*, 895 F.2d at 1233-34.

Plaintiff contends that Officer Lardomita acted without probable cause under two related theories. First, he argues that Riverside detained him without legal authority because he had not committed a crime or gaming violation. Second, he claims that because Riverside had no legal authority to detain him, his detainment constituted false imprisonment and his resistance was privileged self defense. Under either theory, Plaintiff concludes that a reasonable officer in Officer Lardomita's position would have known that Plaintiff was the victim of illegal detainment, rather than the perpetrator of a crime.

      **a.    The Casino Possessed Legal Authority to Question and Detain Plaintiff**

The casino was legally justified in interviewing Plaintiff regarding his misuse of the club card and then detaining him after he violently resisted.  Nevada law provides that a casino

> who has probable cause for believing that there has been a [gaming] violation . . . may *take that person into custody and detain him in the establishment in a reasonable manner and for reasonable length of time*.  Such a taking into custody and detention does not render the licensee or his officers, employees or agents criminally or civilly liable unless it is established by clear and convincing evidence that the taking into custody and detention are unreasonable under all the circumstances.

NRS 465.101 (emphasis added).  If the Riverside had probable cause to believe that Plaintiff was violating a gaming law, then they had legal authority to take him into custody and detain him for a reasonable length of time.  Furthermore, if such detainment by the Riverside was valid, then Plaintiff was not falsely imprisoned and his resistance and fighting was not privileged self defense – meaning that Officer Lardomita had probable cause to believe that Plaintiff was committing the crime of disorderly conduct.

The casino had probable cause to believe that Plaintiff was engaging in a gaming violation.  Plaintiff admits to using another player's club card.  While he claims he was using the card of an acquaintance, presumably consensually, the casino was justified in investigating whether Plaintiff had obtained the card through fraudulent means.  In asking Plaintiff to move to the elevator lobby for questioning by Armstrong and other security personnel, the Riverside employed reasonable means to investigate the potential violation in accordance with the bounds set by § 465.  When Plaintiff began to resist and violently attempt to escape, the casino was justified in detaining him for disorderly conduct and further investigation.  Nevada law provides that a private person may arrest another "for public

offenses committed or attempted in his presence." NRS § 171.126.  In this case, Armstrong witnessed Plaintiff's alleged disorderly conduct and was thus justified in performing the citizen's arrest.  Because the Riverside had probable cause to believe that Plaintiff broke the law and had legal authority to detain him, Officer Lardomita was justified in believing that Plaintiff committed the crime of disorderly conduct and sanctioning the citizen's arrest.

Plaintiff attempts to controvert this statute by defining a § 465 gaming violation to not include misuse of a player club card.  Drawing on Nevada case law, Plaintiff argues that the use of a club card involves "contesting for a prize" and not "gambling" under § 465.  *See Las Vegas Hacienda, Inc. v. Gibson*, 77 Nev. 25, 359 P.2d 85 (1961) (holding that Plaintiff's winning a hole in one golf contest did not fall under gaming violations regulations).  If Plaintiff's actions did not constitute a gaming violation under § 465, then the statute's grant of authority to detain for investigation of such violations does not apply, and the casino illegally detained Plaintiff.  But, Plaintiff offers no case law in support of the proposition that use or misuse of a club card is not a gaming violation under § 465.  Indeed, the case law he cites is plainly distinguishable.  A hole in one golfing contest or a ticket raffle, *State v. GNLV Corp.*, 108 Nev. 456 (1992), are promotional prize contests.  The misuse of a club card at video slots, on the other hand, falls within the purview of traditional gambling and should be governed by the regulations of § 465.

          **b.**    **Plaintiff's Resistance Was Not Privileged, Thereby Destroying Officer Lardomita's Probable Cause**

Under Plaintiff's reading of the facts, there were "only two possible conclusions for [Officer] Lardomita to reach" when he reached the scene: "(1) Plaintiff was undertaking

privileged self defense against a criminal detainment by Riverside, or (2) [Officer Lardomita] had no idea whether or not plaintiff was undertaking privileged self-defense against a criminal detainment by Riverside" (sic).  Plaintiff reaches this conclusion by noting that in Officer Lardomita's deposition testimony, he stated that he had no idea whether or not Plaintiff's activities on the day in question were actually fraudulent.  If the officer did not know that Plaintiff's activities were fraudulent, reasons Plaintiff, then on entering the scene Officer Lardomita must have either believed that Plaintiff was undertaking privileged self defense, or at least known that the detainment was invalid.  Based on these facts, Plaintiff concludes that Officer Lardomita could not have had probable cause and must have violated Plaintiff's right to be free of unreasonable searches and seizures.

      While Plaintiff is correct that Officer Lardomita had some duty to evaluate whether Plaintiff's resistance was privileged conduct, he misreads the factual record in coming to the conclusion that the officer should have known that Plaintiff was engaging in such privileged behavior.  *Gasho v. United States*, 39 F.3d 1420, 1439 (9th Cir. 1994) ("a reasonable officer . . . would have known that [Defendant's] refusal to turn over the logbooks was privileged conduct which could not serve as a basis for finding criminal intent").  Officer Lardomita did state in his deposition that he did not presently know whether Plaintiff acted fraudulently or not.  But, this is beside the point.  The critical question here is whether Officer Lardomita had probable cause on the day of the incident to detain Plaintiff for disorderly conduct.  As previously discussed, if the casino was justified in detaining plaintiff to investigate a potential gaming violation under § 465, and Plaintiff resisted violently, then Officer Lardomita would have had the requisite probable cause that Plaintiff committed disorderly conduct.  It might

be another matter if Plaintiff complied with the questioning by Armstrong, the casino discovered that there was no gaming violation requiring detainment,[1] and Officer Lardomita then arrested him. But there are no facts supporting this story. The undisputed record demonstrates that Plaintiff was questioned (probably even consenually) for using another's card and then violently resisted. Therefore, the record either establishes that his detainment was justified and Officer Lardomita had probable cause to believe there was disorderly conduct, or it shows that there is still a genuine issue of material fact as to whether probable cause existed. In either case, summary judgment for Plaintiff is not appropriate.

## 2.     Officer Lardomita is Protected by Qualified Immunity

A police officer has qualified immunity if he arrests with probable cause. *Pierson v. Ray*, 386 U.S. 547, 555 (1967). "A policeman's lot is not so unhappy that he must choose between being charged with dereliction of duty if he does not arrest when he has probable cause, and being mulcted in damages if he does." *Id.* Officer Lardomita is protected by qualified immunity "unless a reasonable officer would have known that the conduct at issue was unlawful under clearly established law." *LaLonde v. County of Riverside*, 204 F.3d 947, 953 (9th Cir. 2000). Here, as discussed above, the facts establish that Officer Lardomita had probable cause that Plaintiff was engaged in disorderly conduct after a valid detainment under NRS § 465. Furthermore, officers who mistakenly violate the Fourth Amendment are entitled to qualified immunity so long as their conduct was not objectively unreasonable. *Mesa v. City of Simi Valley*, 226 F.3d 1031, 1037-38 (9th Cir. 2000). Again, as previously

---

[1] The Riverside's punishment for use of another's club card is forfeiture of all points gained on the card. However, while not stated in the record, it would also presumably have authority to punish one who fraudulently obtained the card of another.

considered, the facts tend to show that at the very least, Officer Lardomita's actions in detaining Plaintiff were not objectively unreasonable. He should thus be shielded under the doctrine of qualified immunity.

Even if the present factual record does not demonstrate that Officer Lardomita possessed the requisite probable cause, Plaintiff's Motion should still fail. The Ninth Circuit has repeatedly reversed and remanded cases where a district court evaluated the existence of probable cause when there remained genuine issues of material fact for the trier of fact to decide. "The determination of whether a reasonable officer could have believed his conduct was lawful is a determination of law that can be decided on summary judgment only if the material facts are undisputed." *LaLonde*, 204 F.3d at 953 (citing *Act Up! Portland v. Bagley*, 988 F.2d 868, 873 (9th Cir. 1993)). *See also Hutchinson v. Grant*, 796 F.2d 288, 290-91 (9th Cir. 1986) (sending case back to jury because there was genuine issue of material fact as to whether arresting officer possessed probable cause). When evaluating the facts at issue at summary judgment, the court is to review the facts in the light most favorable to the nonmoving party. *LaLonde,* 204 F.3d at 953.

In this case, looking at the facts from the point of view most favorable to Officer Lardomita, it is clear that the officer's conduct in arresting Plaintiff was not objectively unreasonable. If there is any doubt about whether Officer Lardomita lacked probable cause, it is because there remain genuine issues of material fact for a jury to consider. For instance, Armstrong stated that quickly after he began the questioning in the elevator lobby, Plaintiff raised his right arm to strike him. Armstrong maintained that Plaintiff then continued to struggle and fight until a crowd gathered, with Plaintiff exclaiming, "pretty good for a fifty-

one year old man, huh?", after he was finally put into submission. It would be helpful in determining whether a reasonable person could have believed that Plaintiff committed disorderly conduct to determine who initiated and fueled the violent encounter between Plaintiff and the casino security. Plaintiff has not been deposed yet, so his side of the story remains untold. At the very least, the defense should have access to his testimony before being subject to a summary judgment ruling. It would also be helpful to acquire further information regarding what Officer Lardomita learned when he arrived at the scene, how far into the questioning the fight broke out, and so forth. If the present facts do not establish that Officer Lardomita had probable cause, then discovery should continue to allow development of the factual record.

## CONCLUSION

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Partial Summary Judgment (#32) is *denied*. The factual record demonstrates either that Officer Lardomita possessed sufficient probable cause to be shielded from Plaintiff's § 1983 suit or that genuine issues of material fact remain that make summary judgment inappropriate.

DATED: October 13, 2006.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE
